C. BREWER PUERTO RICO, INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent; PEDRO PÁEZ PÉREZ ET AL., Interveners.

No. C-65-123. Decided March 11, 1966.

*Sifre & Ruiz Suria* and *Baltasar Corrada del Río* for petitioner. *Vicente Géigel Polanco* and *Vicente Géigel Lanuza* for interveners.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The claimants herein worked from 1948 to 1957 in the transportation of sugar bags from the pier in Punta Santiago to the side of the vessels anchored in the port of Humacao a distance of approximately a mile. They worked on the basis of piecework and it was stipulated in the contract between the parties that when they worked more than the eight hours which constitute the regular working day they would be compensated at an amount equivalent to time and a half the rate agreed for the first eight hours. The same stipulation was made for work performed on Sundays and holidays.

The defendant company paid according to the stipulation in the contract but failed to apply the provision for extra pay when work was performed on the seventh day of the workweek.

Claimants allege that said stipulation is null because Mandatory Decree No. 3 of the Minimum Wage Board provides "that the transportation of sugar, when performed by the centrals themselves, shall be considered as part of the industrial phase" (29 R.&R.P.R. § 245n–32(2)) and orders that work performed in hours in excess of the regu-

lar working day shall be compensated at double the regular rate.

The parties submitted the question to the trial court on a stipulation. The order entered establishes that work performed in excess of eight hours a day and on the seventh day shall be compensated at double rate. We decided to review this order.

■ The contention of the defendant corporation is that the work performed by the claimants is not covered by the provisions of Mandatory Decree No. 3. It maintains that in spite of the fact that it is established therein that the transportation of sugar, when performed by the centrals themselves, shall be considered as part of the industrial phase of the sugar industry, it does not cover the work performed by the claimants. It alleges that said provision refers only to transportation by land.

We do not see any justification for such distinction. Nothing in the decree authorizes us to do so. In *Berríos* v. *Eastern Sugar Associates*, 79 P.R.R. 647 (1956) the same question was raised. Defendant therein, besides working in the tug which brought the sugarcane to Vieques "the vessel which he operated also towed barges loaded with sugar cane from the pier in Punta Santiago to the boat which received them, which was anchored in that Port." We decided that Mandatory Decree No. 3 was applicable. And in *Ortiz* v. *Eastern Sugar*, 85 P.R.R. 90 (1962), at page 95, we stated:

"The appellants allege that the *Berríos* case, *supra*, also involved a seaman and that we ruled that the extra hours worked had to be computed at double rate. However, such result was obtained by applying subd. B-2(a) of Mandatory Decree No. 3 of the Minimum Wage Board which on the date referred to in the complaint covered the work performed by the complainant and provided for payment at double rate."

■ Having established that Mandatory Decree No. 3 is applicable to claimants up to the effective date of the Mini-

mum Wage Act of 1956, inasmuch as since then maritime transportation is excluded from that decree, *Ortiz* v. *Eastern Sugar, supra,* it is proper to compensate up to that date the work performed in excess of eight hours a day and of forty-eight hours a week during the grinding season at double the regular rate.[1] During the "dead season" work performed in excess of eight hours a day shall be compensated at double the regular rate and at time and a half for the work performed in excess of 40 hours a week.[2]

The writ issued is hereby quashed and the case remanded to the trial court for further proceedings consistent with this opinion.

---

[1] Section 9 of Act No. 379 of 1948 provides:

"If the contract is on the basis of piece work or any other unit of work, the employee shall be entitled to receive double compensation for the pieces or units made during extra hours."

[2] It is so provided by the Mandatory Decree concerning working hours in the industrial phase of the sugar industry:

"(a) Daily hours. No employer shall employ any worker in the industrial phase of the sugar industry, for more than 8 hours in any 24-hour period, unless such worker receives compensation for the hours worked in excess of the said 8 hours at twice the minimum rate applicable in accordance with the wage scale established in sec. 245n–27 of this title.

(b) Weekly hours. No employer shall employ a worker in the industrial phase of the sugar industry during the so-called 'dead season', for more than 40 hours in any workweek, unless such worker receives compensation for the hours worked in excess of the said 40 hours at a rate one and one-half times the minimum rate applicable in accordance with the scale established in sec. 245n–27 of this title." (29 R.&R.P.R. § 245n–28.)